UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES CARL CALLAHAN #96379 | CIVIL ACTION NO. 20-cv-230 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| COL. TOLLIVER, ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

#### Introduction

James Carl Callahan ("Plaintiff") is a self-represented prisoner who filed this civil rights action against Col. Tolliver, a correctional officer at the David Wade Correctional Center ("DWCC"). Before the court is Tolliver's Motion for Summary Judgment (Doc. 28) that asserts the affirmative defense that Plaintiff did not exhaust his administrative remedies prior to bringing suit. Tolliver has presented evidence that Plaintiff did not exhaust his available remedies, and Plaintiff has not created a genuine issue of material fact. For the reasons that follow, it is recommended that the motion for summary judgment be granted and that all claims be dismissed without prejudice.

#### The Allegations

Plaintiff describes himself as 75 years old with a bad heart, one kidney, and high blood pressure. He alleges that on October 4, 2019, he was in his housing unit when he began having chest pains. This caused him concern because he had a heart attack in 2004 and received two stints. He went to the prison infirmary to attempt to see a physician.

When he arrived, a female officer was behind the counter in the waiting room, and Col. Tolliver was nearby.

Plaintiff alleges that the female officer asked how she could help him. Col. Tolliver, who allegedly smelled of alcohol, "went off" on Plaintiff for walking in and interrupting their conversation. He ordered Plaintiff to sit down, and Plaintiff did. The female officer brought Plaintiff a glass of water and a sick call slip to complete. Tolliver continued raving at Plaintiff, who decided to just get up and leave. Plaintiff alleges that he fell down, after which Tolliver pulled him up and placed his foot in the center of Plaintiff's back, bending Plaintiff in a way that injured his back. Plaintiff alleges that his back problems already required the use of a cane for walking. He contends that surveillance footage from the infirmary waiting room could verify his allegations.

**The Exhaustion Requirement**

Tolliver argues that Plaintiff's complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit. The defense is based on the provision in 42 U.S.C. § 1997e(a) enacted by the Prison Litigation Reform Act ("PLRA"). It provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute is interpreted broadly and applies to actions that allege the use of excessive force or denial of medical care. Porter v. Nussle, 122 S.Ct. 983 (2002); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

The statute requires proper exhaustion in accordance with prison or jail procedures. Woodford v. Ngo, 126 S.Ct. 2378 (2006). The grievance procedure for state prisoners is set forth in Louisiana Administrative Code, Title 22, Part I, § 325. It allows an inmate to commence the grievance process by writing a letter or filing a grievance with the warden that sets out the basis for the prisoner's claim and the relief he seeks. A grievance may be accepted (and addressed on the merits) or rejected for various procedural reasons. If the grievance is accepted, it is first ruled upon by the warden or his designee. An inmate who is dissatisfied with the first step response may appeal to the Secretary of the Department of Public Safety and Corrections, who issues the final decision. A prisoner who is not satisfied with that final response may file suit in a district court.

**Tolliver's Summary Judgment Evidence**

Tolliver supported his motion with an affidavit from Nikki McCoy, who identifies herself as a legal liaison at DWCC. McCoy testified that part of her job is to receive requests for administrative remedies and conduct an initial screening of them. Plaintiff checked a box on his complaint form (Doc. 4, p. 2) to indicate there was not a grievance procedure in place at his institution. Ms. McCoy responded that there was a formal grievance mechanism in place at DWCC in October 2019. She attached a copy of that procedure to her affidavit. It is also set forth in the regulations cited above, and the court is aware that there has long been a grievance procedure in place at DWCC.

Plaintiff's complaint form also asked for an explanation if he did not file an administrative grievance. Plaintiff wrote that at the time of the incident in October 2019, he was "still in lockdown not yet fully recovered." Ms. McCoy testified that a DWCC

inmate "is not prevented from filing an administrative grievance when his housing status is extended lockdown." She stated that Plaintiff did not, at any time, file an administrative grievance based on the facts that forme the basis of his complaint.

**Analysis**

Exhaustion is an affirmative defense, so the burden is on a defendant to demonstrate that the prisoner failed to exhaust available administrative remedies. Jones v. Bock, 127 S.Ct. 910 (2007). A defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). Tolliver met his burden by presenting summary judgment evidence that (1) there was an available administrative remedy process in place at the relevant time and (2) Plaintiff did not even commence a grievance under the process.

When a party moves for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a). Tolliver's motion for summary judgment was noticed to afford Plaintiff an opportunity to respond and demonstrate such a genuine dispute. Plaintiff filed a response (Doc. 22), but it was merely a copy of the first two pages of Tolliver's memorandum, with the factual recitations highlighted, and a handwritten note by Plaintiff that his allegations are supported by the infirmary waiting room surveillance camera. Plaintiff did not address in any way the defense that he did not exhaust his administrative remedies prior to bringing this complaint.

Tolliver has met his burden and is entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies. The appropriate remedy is dismissal without prejudice. Bargher v. White, 928 F.3d 439, 447 (5th Cir. 2019).

The caption of Plaintiff's original complaint listed as defendants the State of Louisiana and the "Department of Corrections & Safety." When Plaintiff was directed to submit summonses for all defendants, he submitted a summons only for Col. Tolliver (Doc. 10), effectively abandoning any claims against the other two potential defendants. Even if Plaintiff had served those defendants, both the state and the Department would be entitled to dismissal without prejudice based on their Eleventh Amendment immunity to claims brought pursuant to 42 U.S.C. § 1983. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K. P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). That immunity also extends to arms of the state, including the Department. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999).

Accordingly,

It is recommended that Col. Tolliver's Motion for Summary Judgment (Doc. 18) be granted and that all claims asserted in Plaintiff's complaint be dismissed without prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of October, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge